UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                   Plaintiff,

<u>DECISION AND ORDER</u>

09-CR-6076L

             v.

ANTHONY C. HOWE, SR.,

                   Defendant.
_____

Anthony C. Howe, Sr. ("Howe"), is charged in an indictment in several counts with possession of child pornography. The Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

Howe filed several pretrial motions, including a motion to suppress evidence seized from a laptop computer leased by Howe and a motion to suppress oral statements made by Howe subsequent to his arrest by federal and state law enforcement officers. Magistrate Judge Payson held suppression hearings on the motions on several different occasions and received submissions and memoranda of law from the parties. Thereafter, Magistrate Judge Payson issued two Reports and Recommendations: one on May 27, 2011 (Dkt. #56) and another on February 2, 2012 (Dkt. #70).

In the first Report and Recommendation, the Magistrate Judge recommended that this Court deny Howe's motion to suppress evidence seized from the laptop and related physical evidence. The Magistrate Judge also recommended denial of Howe's motion to suppress his statements on Fifth Amendment grounds. Those statements were made on March 9, 2009.

The second Report and Recommendation, issued February 2, 2012, also dealt with whether Howe's statements of March 9, 2009, should be suppressed, but on Fourth Amendment grounds, as

the "fruit" of the unlawful, warrantless search of the laptop. The Magistrate Judge recommended denial of the motion.

Howe timely filed objections (Dkt. #74) to both of the Magistrate Judge's Reports and Recommendations. The Government filed its two-page response (Dkt. #75). In addition, transcripts have been prepared of suppression hearings held on June 28, 2010, August 18, 2010, and November 29, 2011.

I have reviewed the Reports and Recommendations, the objections, as well as the several transcripts of the suppression hearings, and I find no basis to modify or reject Magistrate Judge Payson's recommendations. I, therefore, accept and adopt the two Reports and Recommendations.

MOTION TO SUPPRESS PHYSICAL EVIDENCE

The first Report and Recommendation (Dkt. #56) is a thorough, 29-page Report setting forth the not uncomplicated facts relating to the initial seizure of Howe's laptop and the circumstances surrounding issuance of state search warrants. The parties also stipulated to certain facts. I believe that the Magistrate Judge correctly analyzed and summarized the pertinent facts.

Magistrate Judge Payson determined that Howe did have a privacy interest in his leased laptop. She determined, however, that there was probable cause for Officer Daniel Weegar, Newark, New York Police Department, to seize the computer as containing an image of child pornography.

The Magistrate Judge further determined that the initial forensic examination of the laptop was conducted without a warrant. Although the officers applied for such a warrant, the actual warrant issued only authorized search of Howe's residence and not the laptop. This appeared to be the result of missteps and omissions in the application process.

Magistrate Judge Payson concluded that, in spite of the warrantless search, suppression was not warranted. I agree with that recommendation by the Magistrate Judge under principles established for suppression, in *Wong Son v. United States,* 371 U.S. 471, 484-85 (1963). Under the

particular facts of this case suppression is not warranted. I agree with the Magistrate Judge that there was no evidence of deliberate efforts to violate Howe's rights. Rather, a series of errors and omissions occurred relative to the process for obtaining the state warrants. The rationale for suppressing evidence does not justify suppression here.

In any event, I agree with the Magistrate Judge that there was an independent source and basis for obtaining information from the laptop, which was the federal search warrant that was issued subsequent to the state warrants. As noted by the Magistrate Judge, the application for that federal warrant was not based on illegally obtained evidence and, therefore, a proper basis exists for use of the evidence obtained from that federal warrant. I also agree with the Magistrate Judge that there was no undue, prejudicial delay in obtaining such a warrant.

The Magistrate Judge determined that there was no basis to suppress Howe's statements either under the Fourth or Fifth Amendments. Howe was fully advised of his *Miranda* rights and voluntarily made statements to law enforcement officials. Furthermore, I agree that the statements were not the fruit or product of the laptop searches and there was sufficient attenuation in time to preclude suppression of the challenged statements. They were obtained separately and were not the product of the warrantless searches of the laptop.

## CONCLUSION

I accept and adopt the Reports and Recommendations of United States Magistrate Judge Marian W. Payson issued on May 27, 2011 (Dkt. #56) and February 2, 2012 (Dkt. #70).

I, therefore, deny defendant Anthony Howe's motion to suppress physical evidence seized from the laptop computer, the laptop itself and related physical evidence.

I deny defendant's motion to suppress statements, based on either Fourth Amendment or Fifth Amendment grounds. There is no basis to support suppression of either the October 15, 2008

statements, which were made before the warrantless searches of the laptop or the March 9, 2009 statements made upon defendant's arrest.

    IT IS SO ORDERED.

                              _____
                                DAVID G. LARIMER
                              United States District Judge

Dated: Rochester, New York
       May 1, 2012.