UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                           DECISION AND ORDER

                                                           09-CR-6076L
                                                           14-CV-6423L

                              v.

ANTHONY C. HOWE, SR.,

                              Defendant.
_____

       Petitioner Anthony C. Howe ("petitioner") acting *pro se*, seeks to vacate and set aside the judgment against him, pursuant to 28 U.S.C. §2255. (Dkt. #99). Petitioner contends that he was provided with ineffective assistance of counsel, because his attorney failed to obtain dismissal of the indictment against him, and failed to successfully move to suppress certain evidence.

       I have reviewed the petitioner's submissions in detail, as well as the Government's response in opposition. Because I find that the petitioner has failed to establish any constitutional violation, the motion to vacate is in all respects denied.

## PROCEDURAL HISTORY

On May 7, 2009, petitioner was charged in a four-count indictment with receiving and possessing child pornography in violation of federal law.  On September 25, 2009, petitioner filed pretrial motions seeking the suppression of images recovered from his laptop computer, on the grounds that the search warrant by which they were obtained pertained generally to his residence, but did not include his computer.  (Dkt. #17).  The Government responded by successfully requesting a warrant specifically authorizing a search of the laptop, and once that warrant was obtained, conducting a second forensic examination of the laptop to recover the images.  (Dkt. #104 at 2).  Ultimately, the Magistrate Judge recommended, and this Court determined, that suppression of the laptop's contents was unwarranted, and denied petitioner's motion to suppress.  (Dkt. #70, #76).

On July 31, 2012, petitioner appeared before this Court and pled guilty to Counts 1 and 4 of the indictment (charging receipt of child pornography and possession of child pornography), reserving his right to appeal this Court's decision denying the motion to suppress.  (Dkt. #80, #81, #104-1, Exh. 1).  The plea agreement also provided that if petitioner received a sentence of 180 months or less, he would forever be barred from challenging his sentence, collaterally or on a direct appeal.  *Id.* at ¶21.

At the plea colloquy, the Court confirmed with the petitioner that he understood the terms of his appeal, including his waiver of the right to collaterally attack his sentence in the event he received a sentence of 180 months or less.  (Dkt. #104-1, Exh. 2 at 15-17.).  On October 24, 2012, the Court sentenced petitioner to the statutory mandatory minimum terms of imprisonment of 15 years (180 months) on Count 1, and 10 years on Count 4, to run concurrently.  (Dkt. #91,

#104-1, Exh. 3 at 15.  Petitioner appealed, and on November 25, 2013, the Second Circuit affirmed his conviction, finding that the seizure of the laptop was lawful, and that the Government's delay in seeking a laptop-specific search warrant, while lengthy, did not rise to the level of a constitutional violation.  (Dkt. # 97).

## DISCUSSION

Initially, because the petitioner was sentenced to a term of imprisonment of 180 months or less and because he does not allege – nor does the record suggest – that his plea and waiver were not knowing and voluntary, he is barred by the terms of his plea agreement from collaterally attacking his sentence.  However, even if petitioner was not so barred and the instant action was proper, petitioner has failed to demonstrate that he was not provided with effective assistance of counsel.

To succeed on a claim of ineffective assistance, a petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984).

Initially, petitioner contends that defense counsel was ineffective because his motion to suppress evidence obtained by, through or in relation to the search of the petitioner's laptop computer, was denied.  This argument is little more than an attempt to re-argue the legality of the search of the petitioner's laptop, which the Magistrate Judge, this Court and Second Circuit each determined did not present a constitutional violation.  Defense counsel presented arguments in support of the petitioner's motion to suppress in a reasonable, timely and thorough fashion: the

fact that the motion was denied on the merits was not related to any act or omission of counsel, and the petitioner fails to present any evidence that the Court could or should have acted differently if counsel had acted otherwise.

Petitioner also moves for dismissal of the indictment against him pursuant to Fed. R. Crim. Proc. 7, on the grounds that the statutes under which he was charged, 18 U.S.C. §2252A(a) and (b)(1), are unconstitutional on their face, and further argues that his counsel was deficient in failing to raise this point with the Court, or to move to dismiss the indictment on that basis, prior to sentencing.  Contrary to petitioner's allegations, the constitutionality of the Protection of Children Against Sexual Exploitation Act of 1977 (18 U.S.C. §2251 et seq.), under which he was charged, is well-settled: courts have repeatedly affirmed that it represents a valid exercise of Congressional power under the Commerce Clause.  *See e.g.*, *United States v. Genao*, 224 Fed. Appx. 39, 40 (2d Cir. 2007) (unpublished opinion); *United States v. Harris*, 343 F.3d 221, 222 (2d Cir. 2004); *United States v. Holston*, 343 F.3d 83, 90 (2d Cir. 2003).  As such, any attempt to challenge the constitutionality of the statutes under which the petitioner was charged would have been futile: petitioner's attorney's failure to challenge the indictment on constitutional grounds did not fall below any objective standard of reasonableness, and had no effect on the outcome of the proceeding.

In summary, I find no evidence that petitioner's counsel's performance fell below prevailing professional norms, or that counsel otherwise provided ineffective assistance.

**CONCLUSION**

For the foregoing reasons, the petitioner's motion to vacate pursuant to 28 U.S.C. §2255 (Dkt. #99) is in all respects denied.  Furthermore, the Court denies a certificate of appealability because defendant has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 11, 2015.